# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANELLE NEWSOME,**<br>Plaintiff<br><br>v.<br><br>**CITY OF PHILADELPHIA,**<br>Defendant | **CIVIL ACTION**<br><br>**NO. 19-5590** |

## MEMORANDUM RE: THIRD MOTION TO DISMISS

**Baylson, J.**                                                                                                                                       **July 2, 2021**

## I.     Introduction

Defendant City of Philadelphia ("the City") brings a third motion to dismiss for failure to state a claim. In response to the City's prior motion to dismiss, the Court permitted two of Plaintiff Janelle Newsome's employment discrimination claims to proceed and dismissed the remaining claims without prejudice. As relevant here, the Court directed her to amend her complaint with respect to her retaliation claims to allege the claims' requisite "causal connections" between her allegedly protected activities and her alleged injuries.

Newsome's Second Amended Complaint newly asserts discrimination and retaliation claims under analogous state and local law, and it no longer includes the First Amendment and Equal Protection claims from the prior complaint. But the Second Amended Complaint contains no new factual allegations in support of her retaliation claims, related to "causal connections" or otherwise. Because Newsome failed to allege new facts and, therefore, failed to remedy the Court's previously voiced concerns about deficient pleadings, the Court will **DISMISS** the retaliation claims (Counts II, IV, VI, and IX) with prejudice. It will also **DISMISS** Plaintiff's Aiding and Abetting claims (Counts VII and X) with prejudice, which Newsome does not oppose.

The Court will, however, **DENY** the motion to dismiss Newsome's remaining discrimination claim under the Philadelphia law (Count VIII). The City's motion does not seek dismissal of Newsome's Counts I, III, and V.

## II. Procedural History

Newsome initiated the present litigation in November 2019. ECF 1. Shortly thereafter, she filed complaints with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission alleging employment discrimination. ECF 19 (Second Amended Complaint or "SAC") at ¶¶ 11, 72. Since that time, the EEOC issued a Notice of Right to Sue letter and over a year has passed since she filed her complaint, so her claims are ripe. Id. at ¶ 12.

The City moved to dismiss Newsome's initial complaint in February 2020, ECF 4, but Newsome amended the complaint, ECF 6, rendering the first motion to dismiss moot, ECF 7. In March 2020, the City moved for a second time to dismiss Newsome's claims. ECF 8. At that point, Newsome requested leave to file a Supplemental Complaint regarding her February 2020 termination, which the Court granted. ECF 9, 11. The parties completed briefing on the second motion to dismiss by August 2020, ECF 10, 13; the Court held a conference to hear the parties' contentions in November 2020, ECF 16.

At the November 2020 hearing, the Court asked Newsome about the lack of a substantial link between the alleged protected activities and the alleged employment repercussions she suffered. The Court confirmed that the alleged temporal proximity between the events was not, by itself, sufficient to demonstrate a causal connection and warned Newsome that she would likely need to amend her complaint anew to provide additional evidence of that link.

Following briefing and arguments, the Court denied the second motion to dismiss in part and granted it in part. ECF 17.[1] The Court denied the motion as to Newsome's Fair Labor Standards Act ("FLSA") claim, alleging a violation of the FLSA's protections for nursing mothers, and her Disparate Treatment claim under Title VII of the Civil Rights Act ("Title VII"). Newsome I, 500 F. Supp. 3d at 341, 342–43. The Court dismissed without prejudice Newsome's claims for Hostile Work Environment (under Title VII and 42 U.S.C. § 1983), Disparate Treatment (under 42 U.S.C. § 1983), and retaliation for First Amendment speech, id. at 342–44, none of which were subsequently re-asserted in the Second Amended Complaint.

Most importantly, as applicable here, the Court dismissed Newsome's retaliation claims under the FLSA and Title VII. In doing so, the Court noted that both claims require a plaintiff to plead the existence of (1) a protected activity, (2) a subsequent adverse action, and (3) a causal connection between the two. Id. at 341 n.5, 342 n.6.[2] For both claims, Newsome had sufficiently pled the first two elements. But her allegations did not satisfy the third:

> [T]he Amended Complaint does not crystallize a "causal connection" between the employee's activity and the City's alleged adverse action. As discussed at the November 4, 2020 hearing, the Court grants leave to file a Second Amended Complaint to clarify Plaintiff's argument on this account.

Id. at 342 (for both FLSA and Title VII retaliation claims).

Newsome filed her Second Amended Complaint in December 2020. ECF 19. In her newest complaint, Newsome included no new factual allegations regarding retaliation but asserted the following claims:

    I.     FLSA Violation

---

[1] Throughout the remainder of this opinion, the Court will reference this opinion as "Newsome I," using its citation in the Federal Supplement. See Newsome v. City of Phila., 500 F. Supp. 3d 336 (E.D. Pa. 2000).

[2] The Court explained that the two standards have minor differences but the third element — causal connection — is the same between them. Id.

3

  II.  FLSA Retaliation

  III.  Title VII Sex Discrimination

  IV.  Title VII Retaliation

  V.  Pennsylvania Human Relations Act ("PHRA") Sex Discrimination

  VI.  PHRA Retaliation

  VII.  PHRA Aiding and Abetting Liability

  VIII.  Philadelphia Fair Practices Ordinance ("PFPO") Sex Discrimination

  IX.  PFPO Retaliation

  X.  PFPO Aiding and Abetting Liability

The City has since filed its third motion to dismiss, ECF 20, requesting that the Court dismiss Newsome's Retaliation claims (Counts II, IV, VI, and IX), Aiding and Abetting claims (Counts VII and X), and PFPO claims (Counts VIII, IX, and X). The City did not challenge the sufficiency of Counts I, III, or V.

Newsome opposed the motion as to the Retaliation claims and the PFPO claims but does not oppose dismissal with prejudice of her Aiding and Abetting claims. ECF 21.

### III.  Factual Background

The Court previously detailed Newsome's factual allegations in Newsome I. See 500 F. Supp. 3d at 338–40 ("Factual Background" section). Newsome has not added new factual allegations in her Second Amended Complaint. Compare ECF 19 (SAC), with ECF 6 (first amended complaint), and ECF 13 (supplemental complaint). The Court will therefore incorporate, rather than needlessly repeat, Newsome I's "Factual Background" section and assumes all factual allegations as true for the purposes of this motion.

## IV. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Although a court must accept all factual allegations contained in a complaint as true, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that[,] without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## V. Analysis

The City makes three arguments regarding dismissal of Newsome's claims under Fed. R. Civ. Pro. 12(b)(6). First, the City argues that the Court must dismiss Counts VII and X (the "Aiding and Abetting" claims) because Newsome did not allege that the City shared a discriminatory intent with the complained-of city employee whom Newsome alleges discriminated

5

against her. Newsome has agreed to voluntarily withdraw the Aiding and Abetting claims and does not oppose the Court dismissing them with prejudice. The Court will therefore **DISMISS** the Aiding and Abetting claims with prejudice as unopposed.

Second, the City contends that Newsome cannot assert Count VIII (PFPO Sex Discrimination),[3] arguing that her invocation of Pennsylvania law rights under the PHRA precludes invocation of Philadelphia law rights under the PFPO. The Court disagrees as a matter of statutory interpretation and will **DENY** the motion to dismiss Count VIII.

Finally, the City argues that Newsome has not alleged any new factual support for the requisite "causal connection" for her Counts II, IV, VI, or IX (the "Retaliation claims"). Because the Court previously dismissed those claims and gave Newsome specific direction that her factual allegations of causal connection were deficient, the City argues that the Court must reach the same conclusion and dismiss again here. The Court will do so and will **DISMISS** the Retaliation claims with prejudice.

    a.   Proper Assertion of Newsome's PFPO Claim (Count VIII)

In Counts V and VIII, Newsome asserts analogous allegations under both Pennsylvania law (PHRA, 43 P.S. § 951 et seq.) and Philadelphia law (PFPO, Phila. Code § 9-1101 et seq.) for sex discrimination. Each law requires a plaintiff to present her claims to a government agency for administrative exhaustion before turning to federal courts. See 43 P.S. § 962 (PHRA exhaustion requirement); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 469 (3d Cir. 2001) (discussing PHRA exhaustion requirement); Peterkin v. Prospect Air. Servs., No. 21-490, 2021 WL 2400753, at *12 n.96 (E.D. Pa. June 11, 2021) (Kearney, J.) ("The Pennsylvania Supreme Court has not decided whether the PFPO requires exhaustion of administrative remedies

---

[3] The City also addressed this argument toward Counts IX and X, but, as the Court will dismiss those two counts on other grounds, the Court will not include them here to avoid confusion.

before bringing claims. Courts within our district and the Pennsylvania Commonwealth Court require exhaustion under the PFPO.") (collecting cases).

Newsome contends that she exhausted her claims under both the PHRA and the PFPO by filing her claims with the PHRA-created Pennsylvania Human Relations Commission ("State Commission"). But the City argues that (1) PFPO claims can be exhausted only through the PFPO-created Philadelphia Commission on Human Relations ("City Commission") and (2) Newsome's decision to file with the State Commission precludes proper exhaustion through the City Commission.

In essence, the City argues that Newsome can file PFPO claims or PHRA claims, but not both. In support, the City cites to the PFPO: "The [City Commission] <u>shall not accept a complaint</u> from any person who has filed a complaint with the [State Commission] with respect to the same grievance." Phila. Code § 9-1112(4) (emphasis added). Additionally, the PFPO states:

> If a complainant invokes the procedures set forth in this Chapter, that person's right of action in the courts of the Commonwealth shall not be foreclosed. If within one (1) year after the filing of a complaint with the [City] Commission, the [City] Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the [City] Commission must so notify the complainant. On receipt of such a notice the complainant may bring an action in the Court of Common Pleas of Philadelphia County based on the right to freedom from discrimination granted by this Chapter.

<u>Id.</u> at § 1122(1). The City interprets this latter excerpt to require exhaustion through the City Commission as the <u>exclusive form of exhaustion</u> for PFPO claims, a route that Newsome arguably precluded by pursuing State Commission exhaustion.

Another judge in this district has found the City's argument convincing. In <u>Smith v. RB Distribution, Inc.</u>, Judge McHugh dismissed the plaintiff's PFPO claims in reliance on those two excerpts of the PFPO, after citing § 9-1122 for the proposition that "plaintiffs <u>may only exercise</u> a private right of action <u>after invoking the [City] Commission's procedures</u> and receiving notice

7

from the [City] Commission." Smith, 498 F. Supp. 3d 645, 665 (E.D. Pa. 2020) (McHugh, J.) (emphasis added). The Court concluded that the plaintiff's choice of filing with the State Commission precluded her from "properly invok[ing]" PFPO exhaustion through the City Commission. Id.

This Court respectfully disagrees with Smith. The cited language from the PFPO may, at first glance, suggest that the process detailed in § 9-1122 is designed to be the exclusive method of exhausting PFPO claims. But that is only the first subpart of § 9-1122. In the fourth subpart of § 9-1122, the PFPO clarifies that "Nothing in this Chapter limits the right of an injured person to recover damages under any other applicable law or legal theory," id. at § 9-1122(4), arguably disclaiming that the PFPO creates exclusive means for exhaustion.

In light of this ambiguity, the Court finds persuasive Judge Kearney's discussion in Vandegrift v. City of Philadelphia, 228 F. Supp. 3d 464 (E.D. Pa. 2017). Vandegrift held that there was ambiguity as to whether § 9-1122 precluded exhaustion of PFPO claims through the State Commission. Id. at 482. After finding this language ambiguous and applying the rules of statutory construction, Judge Kearney concluded that "the Philadelphia City Council intended claims under the [PFPO] satisfy an administrative exhaustion requirement, which can be satisfied by filing a complaint with another administrative body." Id.[4] There, like here, the plaintiff filed her PFPO and PHRC claims through the State Commission, and the Court found this exhaustion compatible with the language and intention of the PFPO. Id. at 482–83.

---

[4] Furthermore, as Newsome has noted in her opposition brief, both the State Commission and the City Commission have work-sharing agreements with their federal counterpart, the EEOC. And Plaintiff dual-filed her complaint with the EEOC, which likely satisfies exhaustion for her PFPO claims. See, e.g., Williams v. Carson Concrete Co., No. 20-5569, 2021 WL 1546455, at *2 (E.D. Pa. Apr. 20, 2021) (Beetlestone, J.) (plaintiff "sufficiently exhausted his administrative remedies as to [Defendant Samango]" under both the PHRA and PFPO by filing an EEOC complaint). The City did not address this argument through a reply brief.

8

Although not bound by Judge Kearney's decision, the Court is nonetheless convinced that his interpretation in <u>Vandegrift</u> is the correct one — Newsome's presentment of her PFPO claims to the State Commission sufficiently exhausted those claims. For those reasons, the Court will **DENY** the City's motion to dismiss Count VIII.

      b.  <u>Causal Connection for Newsome's Retaliation Claims</u>

The Court previously dismissed Newsome's FLSA retaliation claims and Title VII claims for failure to allege factual support for the required "causal connection" between her protected activity and the alleged adverse action that she suffered in response. <u>Newsome I</u>, 500 F. Supp. 3d at 342. It did so after confirming to the parties that Newsome's allegations of a temporal connection was insufficient. The Court therefore dismissed those claims without prejudice but granted Newsome leave to amend her complaint "to clarify Plaintiff's argument" and "crystallize a 'causal connection' between the employee's activity and the City's alleged adverse action." <u>Id.</u>

Newsome did not do as directed, yet she asks the Court to come to a different conclusion with her four Retaliation claims here,[5] based on the same factual allegations. After a careful review of Newsome's First Amended Complaint and Supplemental Complaint (both considered in <u>Newsome I</u>) versus the now-operative Second Amended Complaint, the Court notes that Newsome's sole relevant alterations were adding the two below paragraphs to her allegations for each Retaliation claim:

> Because Plaintiff asserted her rights under [FLSA/Title VII/PHRA/PFPO], Defendant retaliated against her by denying her extensions of her restricted duty status, sending her home from work without pay, placing her on leave without pay, forcing her to use her accrued personal time to account for these hours when she

---

[5] Newsome added two retaliation claims under the PHRA and PFPO, which fall under the same legal framework as their federal counterparts and, likewise, require the plaintiff to plead a "causal connection." <u>See</u> <u>McCowan v. City of Phila.</u>, No. 19-3326, 2021 WL 84013, at *32 (E.D. Pa. Jan. 11, 2021) (Marston, J.).

9

was sent home without pay, denouncing her reputation, stigmatizing her, and placing Plaintiff on "no duty" status in late February 2020.

SAC at ¶¶ 115, 143, 161, 181; and

> Plaintiff will rely on a broad array of evidence to demonstrate a causal link between her protected activity and the City's actions taken against her, such as the unusually suggestive proximity in time between events, as well as Defendant's antagonism and change in demeanor toward Plaintiff after Defendant became aware of Plaintiff's protected activity.

Id. at ¶¶ 116, 145, 163, 183. These new paragraphs do not include any factual allegations or descriptions of events that the Court did not already previously consider in Newsome I. Newsome's Second Amended Complaint otherwise parrots the same factual allegations as before, despite the Court's direction that Newsome needed to allege something more to survive a Rule 12(b)(6) motion.

"Insanity is doing the same thing over and over and expecting different results." RITA MAE BROWN, SUDDEN DEATH 68 (1988 ed.) (often misattributed to Albert Einstein). Newsome made the same allegations here as before, but the Court's review of those allegations will not produce different results. The Court will therefore **GRANT** the City's motion to dismiss the Retaliation Claims. And because the Court previously given Newsome the chance to amend and remedy her allegations, it need not "do the same thing" again and "expect[] different results" — this dismissal will be with prejudice.

## VI. Conclusion

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss with prejudice as to Counts II, IV, VI, VII, IX, and X and **DENIES** the Motion to Dismiss as to Count VIII.

An appropriate Order follows.