# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| **JANELLE NEWSOME,**<br>Plaintiff<br><br>v.<br><br>**CITY OF PHILADELPHIA,**<br>Defendant | **CIVIL ACTION**<br><br>**NO. 19-5590** |
|---|---|

## MEMORANDUM RE: PLAINTIFF'S MOTION FOR RECONSIDERATION

**Baylson, J.**                                                                              **August 20, 2021**

### I.    Introduction

Plaintiff Janelle Newsome was, until recently, a police officer employed by the City of Philadelphia. In the present lawsuit, Plaintiff alleged that the City failed to provide her with adequate lactation space and retaliated against her for her ongoing requests for one. As of her Second Amended Complaint ("SAC"), ECF 19, Plaintiff had been placed on "no duty" status without pay and had burned through her accrued paid personal time. As a result, Plaintiff argued that the City discriminated and/or retaliated against her based on her sex and pregnancy.

Examining the SAC, the Court granted-in-part and denied-in-part the city's third motion to dismiss. See ECF 22 (the "July 2021 Opinion," also available at 2021 WL 2810289). The City did not challenge Plaintiff's discrimination claims under Fair Labor Standards Act ("FLSA"), Title VII of the Civil Rights Act ("Title VII"), or the Pennsylvania Human Relations Act ("PHRA"), and the Court rejected the City's jurisdictional challenge to Plaintiff's discrimination claim under the Philadelphia Fair Practices Ordinance ("PFPO"). Plaintiff's discrimination claims all survived the motion to dismiss stage.

1

Plaintiff's retaliation claims, however, were dismissed with prejudice. The Court had previously dismissed those claims without prejudice and with leave to amend, requiring Plaintiff to assert additional allegations to "crystallize a 'causal connection' between the employee's activity and the City's alleged adverse action." See ECF 17 at 8–9 (the "November 2020 Opinion," also available at 500 F. Supp. 3d 336). Upon amending, however, Plaintiff did not add any new factual allegations, so the Court dismissed her retaliation claims with prejudice. See July 2021 Opinion at 9–10.[1]

Plaintiff has now moved for reconsideration of the July 2021 Opinion under Rule 59(e). For the reasons explained below, the Court will **DENY** her motion for reconsideration.

## II.    Legal Standard

"A proper Rule 59(e) motion must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." In re Processed Egg Prods. Antitrust Litig., 962 F.3d 719, 729 (3d Cir. 2020) (cleaned up). "A Rule 59(e) motion is not appropriate where the movant simply disagrees with the Court's ruling or wants a 'second bite at the apple.'" Gok v. Roman Catholic Church, Nos. 20-4817 & 20-4968, 2021 WL 3054793, at *5 (E.D. Pa. July 20, 2021) (Baylson, J.). "Courts should grant these motions only 'sparingly' and do so in consideration of the court system's interests in 'finality and conservation of scarce judicial resources.'" Id.

## III.   Analysis

Plaintiff makes two arguments why the July 2021 Opinion must be amended. First, she contends that there is new evidence: she was terminated in March 2021, between the close of

---

[1] The July 2021 Opinion also dismissed Plaintiff's two claims arising from "Aiding and Abetting" liability because Plaintiff consented to — and did not oppose — their dismissal with prejudice. See id. at 6.

2

briefing on the motion to dismiss in January 2021 and the Court's July 2021 Opinion. Second, Plaintiff contends that the Court, in incorporating its prior reasoning in the November 2020 Opinion, improperly and indirectly relied on allegations that she had since removed from her operative complaint. Plaintiff argues that the Court must act on this second issue to correct a clear error of law or prevent manifest injustice.

The Court will address each of these arguments in turn. Finding neither argument merits a change in the July 2021 Opinion, however, the Court will DENY Plaintiff's motion for reconsideration.

    a. <u>Effect of Plaintiff's Termination</u>

Briefing on the City's motion to dismiss ended in January 2021, following the City's reply in support of the motion. Plaintiff's then-operative complaint alleged that the City had denied Plaintiff's requests for an extension of restricted duty status and that Plaintiff had been placed on "no duty" status without pay since February 2020. SAC at ¶¶72–81.

Plaintiff now informs the Court that she was formally terminated in March 2021.

In the four months between her termination and the July 2021 Opinion, Plaintiff did not attempt to inform the Court of this new information. She did not seek leave to supplement her pleadings under Rule 15, despite having used this procedural mechanism in the past to supplement when Plaintiff was first suspended without pay. Plaintiff should have done so earlier, instead of first raising it in her motion for reconsideration.

Even if considered, however, Plaintiff's progression from suspension without pay to termination does not alter the Court's reasoning. The Court already recognized that, based on her allegations in the SAC, Plaintiff had suffered an adverse action under the law. <u>See</u> July 2021 Opinion at 3 (Plaintiff "sufficiently pleaded the first two elements" of retaliation, including "a subsequent adverse action"); <u>see also</u> November 2020 Opinion at 8 (recognizing Plaintiff being

"sent home from work without pay" as one of several alleged adverse actions); id. at 9 ("[I]t appears that Plaintiff did plead several potentially materially adverse actions."). While the severity of the adverse action has escalated through Plaintiff's termination, it does not merit a different legal conclusion as to Plaintiff's retaliation claims, as the Court acknowledged all along that she had alleged an adverse action.

Nor does Plaintiff's termination create additional evidence of a causal connection between her protected activity and the adverse actions. Indeed, Plaintiff has alleged her termination in a vacuum, without identifying any action by the City that would connect her termination to a retaliatory motive — her most recent preceding allegation regarding the City was from over a year before her termination. Plaintiff's termination does not provide a basis for modifying the July 2021 Opinion.

  b. Plaintiff's Omitted Allegations

In Plaintiff's SAC, she removed all allegations regarding a complicating event — Plaintiff self-reported to the City that she had accidentally ingested THC. The City had previously argued was its legitimate, non-retaliatory justification for suspending (and later terminating) Plaintiff. The Court briefly addressed this THC consumption in the November 2020 Opinion:

> Plaintiff has alleged that she was denied extensions of her restricted duty status, that she was sent home from work without pay, that she was placed on leave without pay, that she was forced to use her accrued personal time to account for these hours when she sent home without pay, and that she suffered reputational harm and stigmatization. And, Plaintiff was placed on "no duty" status by the PPD in late February 2020. Her pleading suggests that her self-reported accidental THC ingestion was a pretext for termination, as she followed PPD's self-reporting policy, and drug testing showed she was not a habitual THC user.

November 2020 Opinion at 8 (record citations omitted). The Court then ruled that Plaintiff had not sufficiently "crystalize[d] a causal connection" between her protected activities and the alleged adverse actions, "[a]s discussed at the November 4, 2020 hearing." Id.

4

According to Plaintiff, the Court relied on the THC allegations to come to this conclusion. But that is not the case. As made clear by the Court in its November 2020 hearing, <u>Plaintiff's non-THC allegations were not sufficient</u>. The Court informed Plaintiff that her reliance on temporal proximity between her protected activities and the adverse actions was not, by itself, a causal connection, and that Plaintiff needed to plead <u>more information</u> to clarify that connection. <u>See, e.g.</u>, <u>Selvato v. SEPTA</u>, 143 F. Supp. 3d 257, 270 (E.D. Pa. 2015) (Beetlestone, J.) ("Unless the timing is unusually suggestive of a retaliatory animus, 'temporal proximity alone will be insufficient to establish the necessary causal connection.'") (quoting <u>Farrell v. Planters Lifesavers Co.</u>, 206 F.3d 271, 280 (3d Cir. 2000)).

Simply removing other allegations was not enough to do so, as the Court explained in the July 2021 Opinion — Plaintiff's SAC "d[id] not include any factual allegations or descriptions of events that the Court did not already previously consider" in the November 2020 Opinion. <u>See</u> July 2021 Opinion at 10. In adding no <u>new</u> factual allegations to her SAC, Plaintiff did not follow "the Court's direction that Newsome needed to <u>allege something more</u> to survive a Rule 12(b)(6) motion." <u>Id.</u> (emphasis added).[2] As a result, the Court dismissed Plaintiff's retaliation claims.

Plaintiff's present argument for reconsideration merely echoes its prior argument that the Court rejected — that allegations of temporal proximity were enough to show a causal connection. They were not. Plaintiff's removal of her THC-related allegations does not change that outcome, and the Court will not amend the July 2021 Opinion on those grounds.

---

[2] In her motion for reconsideration, Plaintiff contends that she included new factual allegations but the Court already discussed these new "facts" in the July 2021 Order and concluded that they were conclusory and not properly considered as relevant factual allegations. <u>See id.</u>

5

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **DENIED**. An appropriate Order follows.

O:\CIVIL 19\19-5590 Newsome v. City of Philadelphia\19cv5590 Memo re MfR.docx