**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiff and the Proposed Class*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANELLE NEWSOME, i*ndividually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA,<br><br>Defendant. | Civil Action No. 19-5590<br><br>**PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**<br>**(29 U.S.C. § 216(b))** |

**PLEASE TAKE NOTICE** Plaintiff moves before the Honorable Michael M. Baylson pursuant to 29 U.S.C. § 216(b) for an order: (1) determining that this case proceed as a conditional collective action; (2) authorizing the mailing of Plaintiff's proposed Notice to all similarly situated persons currently and formerly employed by Defendant during the three years preceding the date of filing of the Complaint to the present to inform them of their right to opt into this lawsuit; and (3) ordering Defendant to produce a computer readable data file (Microsoft Word/Excel) containing the names, addresses, social security numbers and telephone numbers of each potential class plaintiff so that notice may be implemented. In support of her motion, Plaintiff relies on the attached memorandum of law.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANELLE NEWSOME, *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA,<br><br>Defendant. | Civil Action No. 19-5590<br><br>**[PROPOSED] ORDER GRANTING CONDITIONAL COLLECTIVE ACTION CERTIFICATION** |

Upon consideration of Plaintiff's Motion for Conditional Collective Action Certification; and, IT APPEARING that this case seeks to proceed as a conditional collective action under the Fair Labor Standards Act of 1938 contending that the Philadelphia Police Department has systematically and willfully failed to provide nursing female Police Officers with "reasonable break time to express breast milk for their nursing children for 1 year after the child's birth each time such employee has need to express the milk," and has further failed to provide "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by employees to express breast milk";

IT FURTHER APPEARING that Plaintiff seeks authorization for notice to all female Police Officers who worked for the Philadelphia Police Department;

IT FURTHER APPEARING that Plaintiff claims the alleged violations of the Fair labor Standards Act were willful, and has therefore requested a three-year rearward cut-off for potential opt-ins; and

IT FURTHER APPEARING that Plaintiff seeks an order: (1) determining that this case proceed as a conditional collective action; (2) authorizing the mailing of Plaintiff's proposed

2

Notice to all similarly situated persons currently and formerly employed by Defendant during the three years preceding the date of filing of the Complaint to the present to inform them of their right to opt into this lawsuit; and (3) ordering Defendant to produce a computer readable data file (Microsoft Word/Excel) containing the names, addresses, social security numbers and telephone numbers of each potential class plaintiff so that notice may be implemented;

The Court has concluded that a reasonable basis for the maintenance of a conditional collective action has been established. Notice of this case should be issued to present and former female Police Officers who worked for the Philadelphia Police Department. The Court has also concluded that the scope of this case is from November 26, 2016 to the date of filing of the final Consent Form with the Court. Accordingly,

IT IS THIS \_\_\_\_\_ day of _____ 20\_\_, ORDERED that:

1. The Court authorizes this case to proceed as a conditional collective action.
2. The Court authorizes the mailing of Plaintiff's proposed Notice to all similarly situated persons currently and formerly employed by Defendant during the three years preceding the date of filing of the Complaint to the present to inform them of their right to opt into this lawsuit.
3. The Court directs Defendant to produce to Plaintiff a computer readable data file (Microsoft Word/Excel) containing the names, addresses, social security numbers and telephone numbers of each potential class plaintiff within ten days of the date of this order so that notice may be implemented.

IT IS SO ORDERED.

                                          HON. MICHAEL M. BAYLSON

**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiff and the Proposed Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANELLE NEWSOME, i*ndividually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA,<br><br>Defendant. | Civil Action No. 19-5590<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**<br>**(29 U.S.C. § 216(b))** |

**I.     INTRODUCTION**

Plaintiff seeks this Court's authorization to have this case proceed as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 216(b) on behalf of all current and former female Police Officers employed by the Philadelphia Police Department at any time during the three years preceding the date of filing of the Complaint to the present (hereafter "Potential Opt-In Plaintiffs").

Plaintiff contends that the Philadelphia Police Department has systematically and willfully failed to provide nursing female police officers with "reasonable break time to express breast milk for their nursing children for 1 year after the child's birth each time such employee has need to express the milk," and has further failed to provide "a place, other than a bathroom, that is

4

shielded from view and free from intrusion from coworkers and the public, which may be used by employees to express breast milk." 29 U.S.C. § 207(r)(1)(A) and (B). (ECF Doc. 19, Plaintiff's Second Amended Complaint, at ¶ 1.)

Technically, no class is formed by the approval of Plaintiff's Notice and conditional certification of this case to proceed collectively pursuant to 29 U.S.C. § 216(b); however, the term "class" will be used herein to refer to individuals who will be allowed to opt into the case as plaintiffs.

To facilitate the adjudication of these claims, Plaintiff requests that the Court order Defendant to produce a computer readable data file (Microsoft Word/Excel) containing the names, addresses, social security numbers and telephone numbers of all Potential Opt-In Plaintiffs so that the Notice and Consent to Join form attached hereto as Exhibit "A" may promptly be mailed to all Potential Opt-In Plaintiffs, so that they can assert their claims on a timely basis as part of this litigation.

To participate in this case, Potential Opt-In Plaintiffs must affirmatively "opt-in" by filing a written consent to join. 29 U.S.C. § 216(b). In order to decide whether to opt into this case, Potential Opt-In Plaintiffs should be apprised of the pendency of this case. Under the FLSA, the statute of limitations applicable in a given action may be two years, or, as Plaintiff alleges in this case, three years due to Defendant's willful violations of the FLSA. 29 U.S.C. § 255(a).

The Notice sought here provides objective, accurate information to class members regarding the nature of the lawsuit, the effect of the statute of limitations on their claims, and instructions about how to exercise their right to join.

It is alleged that Plaintiff and Potential Opt-In Plaintiffs were uniformly denied their rights to "reasonable break time to express breast milk for their nursing children for 1 year after the

child's birth each time such employee has need to express the milk," and "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by employees to express breast milk." 29 U.S.C. § 207(r)(1)(A) and (B). Plaintiff and Potential Opt-In Plaintiffs are similarly situated because they share the same job description, job classification, and job duties; and were subject to uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully below, whereby Defendants the rights of Plaintiff and Potential Opt-In Plaintiffs under the FLSA's Break Time for Nursing Mothers provision, have affected Plaintiff and Potential Opt-In Plaintiffs in the same fashion. Because each members of this putative class performed the same basic job duties and were subject to the same unlawful business practices, their claims can readily be adjudicated on a collective action basis.

A court-ordered notice and opt-in period will facilitate consolidated resolution of claims based on common law and facts. Such collective action adjudication will avoid the proliferation of individual lawsuits that could result in disparate rulings and wasting of judicial and party resources. For these reasons, the Court should promptly authorize this case to proceed as a collective action, order the identification of Potential Opt-In Plaintiffs, and authorize issuance of the proposed Notice to be mailed to all Potential Opt-In Plaintiffs employed by Defendant.

## II.   OVERVIEW OF PLAINTIFF'S FLSA COLLECTIVE ACTION ALLEGATIONS

The Philadelphia Police Department employs over employs over 6300 sworn members, approximately 35% of which are women. (ECF Doc. 19, Plaintiff's Second Amended Complaint, at ¶ 16.) There are eleven different ranks in the PPD in the following order, beginning at the entry level position of Police Officer and ending with Police Commissioner: (1) Police Officer; (2) Detective; (3) Corporal; (4) Sergeant; (5) Lieutenant; (6) Captain; (7) Staff Inspector; (8)

Inspector; (9) Chief Inspector; (10) Deputy Commissioner; and (11) Commissioner. (Id. at ¶ 17.) The City of Philadelphia's Human Resources Department provides a uniform class specification for Police Officer, outlining the general definition of the role, typical examples of work, required knowledge, skills and abilities, minimum acceptable training and experience required, physical and medical requirements, and licenses, registrations and certification requirements. See https://www.phila.gov/personnel/specs/6A02.htm; ECF Doc. 19, Plaintiff's Second Amended Complaint, at ¶ 17.

Pursuant to 29 U.S.C. §§ 216(b) and 207(r) of the FLSA, Ms. Newsome brings this action individually and on behalf of other similarly situated female Police Officers employed by the Philadelphia Police Department who were or continue to be denied their rights under the FLSA's "Break Time for Nursing Mothers" provision, which requires employers to provide (1) "reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk"; and (2) "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." 29 U.S.C. § 207(r)(1)(A) and (B). (Id. at ¶ 18.) Plaintiff estimates that there are in excess of 500 other similarly situated Collective Class Plaintiffs who are working or worked for the PPD and are or were unlawfully denied their rights under the FLSA's Break Time for Nursing Mothers provision, 29 U.S.C. § 207(r). (Id. at ¶ 20.) The precise number of employees can be easily ascertained by Defendant using Defendant's payroll and personnel records; and Potential Collective Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication. (Id. at ¶ 21.)

Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because all class members are similarly situated. Plaintiff and other similarly situated female Police Officers (1) were and continue to be similarly denied reasonable break time to express breast milk for their nursing children for 1 year after birth each time the need arises, and also denied a private place, other than a bathroom, to do so; (2) had the same or substantially similar job classifications and duties; and (3) are subject to the same uniform policies, business practices, payroll practices, and operating procedures. (Id. at ¶ 22.) Further, Defendant's willful failure to implement a policy or directive to provide basic accommodations for breastfeeding mothers under the FLSA's Break Time for Nursing Mothers provision, affected and continues to affect Plaintiff and Collective Class Plaintiffs in the same fashion. (Id. at ¶ 23.)

### III.  ARGUMENT

#### A. THE DISTRICT COURT IS AUTHORIZED TO ISSUE NOTICE TO THE POTENTIAL OPT INS.

The FLSA's "collective action" provision allows one or more employees to bring an action for overtime compensation and/or unpaid minimum wages "on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Collective actions serve the important function of providing "plaintiffs the advantage of lower individual costs to vindicate rights by pooling of resources" and serve the equally important judicial interest of "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). "The evident purpose of the [FLSA] is to provide one lawsuit in which the claims of different employees, different in amount but all arising out of the same character of employment, can be presented and adjudicated, regardless of the fact that they are separate and independent of each other." Shain v. Armour & Co., 40 F. Supp. 488, 490 (W.D. Ky. 1941).

To serve the "broad remedial purpose" of the FLSA, courts are afforded the power to give notice to other potential class members to "opt in" to the plaintiff's case. Hoffman-LaRoche, 493 U.S. at 170. Additionally, early court-authorized notice protects against "misleading communications" by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures joinder of additional parties is accompanied properly and efficiently, and expedites resolution of the dispute. Id. In the present case, prompt notice serves the critical function of advising potential claimants to file their Consent to Join forms pursuant to Section 216(b).

The standard for collective action notice "is a lenient one." Camesi v. University of Pittsburgh Medical Center, 729 F.3d 239 (3d Cir. 2013). "Applying a fairly lenient standard," courts make "a preliminary determination as to whether the named plaintiffs have made a 'modest factual showing' that the employees identified in their complaint are 'similarly situated.'" Id. The standard is considerably less stringent than the proof required pursuant to Fed. R. Civ. P. 20(a) for joinder, or Fed. R. Civ. P. 23 for class certification. Halle v. W. Penn Allegheny Health Sys. Inc., No. 15-3089, 2016 WL 6818841 (3d Cir. Nov. 18, 2016).

For an opt in class to be created under Section 216(b), an employee need only show that she is suing her employer for herself and on behalf of other employees similarly situated. Camesi, 729 F.3d at 242-43. Plaintiff's claims and positions need not be identical to the potential opt-ins, they need only be similar. Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996); Stillman v. Staples, Inc., 2009 WL 1437817 (D.N.J. May 15, 2009). Plaintiff need only demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons may exist. Grayson, 79 F.3d at 1097.

Discovery is not necessary for this Court to issue notice. At the notice stage, courts determine whether plaintiffs and potential opt ins are "similarly situated" based upon detailed allegations in a complaint. Sperling v. Hoffman-LaRoche, Inc., 118 F.R.D. 392, 406-07 (D.N.J. 1998), aff'd 493 U.S. 165 (1989).

Once the court makes the preliminary determination that the potential plaintiffs are similarly situated, the case proceeds as a collective action throughout discovery. Camesi, 729 F.3d at 242-43. Discovery is relevant thereafter both as to the merits of the case and to the second step in the collective action procedure in which the court evaluates conflicting evidence developed in discovery to test the validity of the preliminary decision made at the notice stage. Id. Indeed, allowing early notice and full participation by the opt ins "assures that the final 'similarly situated' decision is informed, efficiently reached, and conclusive." Sperling, 118 F.R.D. at 406. Early notice will help the court to manage the case because it can "ascertain the contours of the action at the outset." Hoffman-LaRoche, 493 U.S. at 172-73.

### B. ISSUANCE OF THE NOTICE IS APPROPRIATE BECAUSE PLAINTIFF MEETS THE SIMILARLY SITUATED STANDARD.

Plaintiff readily meets the liberal standard for court facilitation of an FLSA collective action. The detailed allegations in the Complaint establish that there are other Potential Opt-In Plaintiffs who may wish to join and that they are similarly situated because they share the same job description, job classification, and job duties; and were subject to uniform policies, business practices, payroll practices, and operating procedures.

#### 1. THERE ARE OTHER SIMILARLY SITUATED POTENTIAL OPT-IN PLAINTIFFS WHO MAY DESIRE TO OPT IN.

Plaintiff has established that there are similarly situated Potential Opt-In Plaintiffs who were employed during the liability period as Police Officers who may be interested in opting in to this

10

case. (ECF Doc. 19, Plaintiff's Second Amended Complaint, at ¶¶ 16-28.) There are in excess of 500 other similarly situated employees who were employed as female Police Officers during the relevant time frame of this case. (Id. at 20.) Plaintiff and Potential Opt-In Plaintiffs were engaged in the same or similar job duties as defined by the Philadelphia Police Department Human Resources job description for Police Officer. (Id. at 17.) Additionally, Plaintiffs and Potential Opt-In Plaintiffs are alleged to have been subjected to Defendant's willful failure to implement a policy or directive to provide basic accommodations for breastfeeding mothers under the FLSA's Break Time for Nursing Mothers provision, which affected and continues to affect Plaintiff and Collective Class Plaintiffs in the same fashion. (Id. at ¶ 23.)

    **2.    PLAINTIFF HAS CARRIED HER BURDEN OF DEMONSTRATING A REASONABLE BASIS FOR COLLECTIVE ACTION DETERMINATION.**

Collective action authorization and notice to the class is warranted here because Plaintiff has met the "lenient standard" for the class allegations. See Camesi, 729 F.3d at 242-43. Here, Plaintiff has provided detailed allegations in the Complaint and has amply supported her allegations:

- The Complaint avers in detail the named Plaintiff's claims including the common job description, job classification, job duties, policies, business practices, and operating procedures; and

- The Complaint avers in detail that other Potential Opt-In Plaintiffs performed the same or similar jobs, under the same uniform job description, job classification, job duties, policies, business practices, and operating procedures as the named Plaintiff.

Such a showing of detailed allegations supported by factual averments more than satisfies the "lenient standard" for collective action notice. Camesi, 729 F.3d at 242-43. Plaintiff makes a

11

strong showing of similarity of duties and unlawful business practices among an estimated 500 Potential Opt-In Plaintiffs.

Notice must be expedited in order to apprise Potential Opt-In Plaintiffs of their claims. The information contained in the proposed Notice, attached hereto as Exhibit "A" is essential to allow Potential Opt-In Plaintiffs to act to protect their interests. Without notice, they may be unaware of the pendency of their right to opt in, and they are powerless to prevent their claims from wasting away. Therefore, notice should be expedited to the maximum extent feasible and should be sent to all persons who were employed by Defendant as female Police Officers within the potential liability period.

### C. THE PROPOSED NOTICE IS FAIR AND ADEQUATE.

A collective action depends on "employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Hoffman-LaRoche, 493 U.S. at 170. Court-authorized notice prevents "misleading communications." Id. at 172.

Plaintiff's proposal for court-approved notice (attached hereto as Exhibit "A") to the potential opt-ins is accurate and informative as required. It provides notice of the pendency of the action and the opportunity to opt in. Plaintiff's legal claims are accurately described. Potential Opt-In Plaintiffs are advised that Defendant is defending against the claims and that they are not required to participate. Plaintiff's Notice provides clear instructions on how to opt in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. See 29 U.S.C. § 215(a)(3). The Notice informs Potential Opt-In Plaintiffs that the Court has not made any determination regarding the merits of Plaintiff's claims.

Plaintiff proposes that the Notice and Consent to Join forms be mailed by first-class mail to all Potential Opt-In Plaintiffs employed within three years of the date of filing of this lawsuit. Those class members interested in participating would be required to file their consents with the Court. Derek Smith Law Group, PLLC will receive and file all Consent to Join forms with the Court. This is consistent with established practice under the FLSA. Hoffman-LaRoche, 493 U.S. at 172.

In sum, the proposed Notice is fair and accurate and should be approved for distribution.

### D. THE PROPOSED LIMITED DISCOVERY IS ESSENTIAL TO ENSURE PROPER NOTICE.

Discovery of a mailing list for class members is a routine component of notice in collective actions. Hoffman-LaRoche, 493 U.S. at 170 ("District Court was correct to permit discovery of the names and addresses…"). Defendant should therefore be ordered to produce the names, addresses, social security numbers and telephone numbers for all Potential Opt-In Plaintiffs who worked for Defendants within three years of the filing of this action to present.

### IV. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion to (1) authorize this case proceed as a conditional collective action; (2) authorize the mailing of Plaintiff's proposed Notice to all similarly situated persons currently and formerly employed by Defendant during the three years preceding the date of filing of the Complaint to the present to inform them of their right to opt into this lawsuit; and (3) order Defendant to produce a computer readable data file (Microsoft Word/Excel) containing the names, addresses, social security numbers and telephone numbers of each potential class plaintiff so that notice may be implemented.

        Respectfully submitted,

        **DEREK SMITH LAW GROUP, PLLC**

        */s/ Ian M. Bryson, Esquire*
        IAN M. BRYSON, ESQUIRE
Dated: December 3, 2021   *Attorneys for Plaintiff and the Proposed Class*

**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiff and the Proposed Class*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANELLE NEWSOME, i*ndividually and on behalf of others similarly situated,*<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF PHILADELPHIA,<br><br>　　　　　　Defendant. | Civil Action No. 19-5590<br><br>**CERTIFICATE OF SERVICE** |

　　　I hereby certify that on December 3, 2021 I electronically filed the foregoing paper with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

　　　　　　　　　　　　　　　　　　　　　　　　*/s/Ian M. Bryson, Esquire*
　　　　　　　　　　　　　　　　　　　　　　　　Ian M. Bryson, Esquire
　　　　　　　　　　　　　　　　　　　　　　　　Derek Smith Law Group, PLLC
　　　　　　　　　　　　　　　　　　　　　　　　1835 Market Street, Suite 2950
　　　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　　　　　　　(215) 391-4790
Dated: December 3, 2021　　　　　　　　　　　ian@dereksmithlaw.com