IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANELLE NEWSOME,** | : |
| Plaintiff, | : |
| v. | : **19-cv-5590-MMB** |
| **THE CITY OF PHILADELPHIA,** | : |
| Defendant. | : |

# ORDER

**AND NOW,** this _____ day of _____, 202____, upon consideration of Plaintiff's Motion for Conditional Certification (ECF No. 33) and Defendant's opposition thereto (ECF No. ___), it is hereby **ORDERED** that Plaintiff's Motion is **DENIED** with prejudice.

BY THE COURT:

_____
**MICHAEL M. BAYLSON,** J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANELLE NEWSOME,** | : |
| Plaintiff, | : |
| v. | : 19-cv-5590-MMB |
| **THE CITY OF PHILADELPHIA,** | : |
| Defendant. | : |

**DEFENDANT THE CITY OF PHILADELPHIA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION**

Defendant the City of Philadelphia respectfully submits this response in opposition to Plaintiff's Motion to Conditionally Certify Collective Action (ECF No. 33). Plaintiff has failed to make even the modest factual showing required for conditional certification of her purported collective action and, coupled with no factual showing of a nexus between Plaintiff and purported collective class plaintiffs, pursues a collective action under a provision of the FLSA which provides no relief to individuals or collectives, thereby engaging in precisely the overly burdensome litigation and naked solicitation of claims the conditional certification process exists to screen out. Plaintiff's motion should be denied, with prejudice.

I.   FACTUAL SUMMARY

Rather than enumerate employees she alleges to be similarly situated, Plaintiff "estimates that there are in excess of 500 other similarly situated" individuals. Pl.'s Motion for Conditional Certification (ECF No. 33 at 7). Per Plaintiff, these unenumerated collective class plaintiffs are similarly situated because they "are working or worked for the [Philadelphia Police Department] and are or were denied their rights under the FLSA's Break Time for Nursing Mothers provision[.]" Id.

## II.     LEGAL STANDARD

Plaintiff seeks conditional certification of a class under the FLSA pursuant 29 U.S.C. § 216(b). Plaintiff's motion should be denied.

The Third Circuit has adopted a two-step approach for analyzing the merits of a request for conditional certification under the FLSA. See Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 192 (3d Cir. 2011), rev'd on other grounds, 569 U.S. 66 (2013) (delineating the circuit's two-step approach); Zavala v. Wal Mart Stores Inc., 691 F.3d 527, 536 (3d Cir. 2012) (same). "During the initial phase, the court makes a preliminary determination <u>whether the employees enumerated in the complaint</u> can be provisionally categorized as similarly situated to the named plaintiff." Symczyk, 656 F.3d at 192 (emphasis added). If the employees enumerated in the complaint can be categorized as similarly situated to the putative collective representative, "the court will 'conditionally certify' the collective action for the purposes of notice and pretrial discovery." Id.

The conditional certification process positions the Court as gatekeeper, allowing the Court to screen out overly burdensome litigation at an early stage and ensuring any notice "is not a naked solicitation of claims." ." Mitchell v. Covance, Inc., 438 F. Supp. 3d 341, 346 (E.D. Pa. 2020).

## III.     ARGUMENT

### A. Plaintiff Has Not Made Even the Modest Factual Showing Required for the Court to Grant Conditional Certification.

To establish that conditional certification of her claims is appropriate, Plaintiff has the burden to demonstrate that she and the other members of the putative FLSA collective are "similarly situated" victims of an illegal and common policy. See 29 U.S.C. § 216(b); Jordan v. Meridian Bank, No. CV 17-5251, 2019 WL 1255067, at *3 (E.D. Pa. Mar. 19, 2019) (citing to Zavala, 691 F.3d at 535–36). In pursuing conditional certification, Plaintiff has the burden to "show a factual nexus between the manner in which the employer's alleged policy affected her

and the manner in which it affected other employees." Moore v. PNC Bank, N.A., No. 2:12-CV-1135, 2013 WL 2338251 (W.D. Pa. May 29, 2013). Under this standard, the plaintiff must produce "some evidence beyond mere speculation that the defendant's policy affected other employees." Wright v. Lehigh Valley Hosp., No. 10-431, 2010 WL 3363992, at *3 (E.D. Pa. Aug. 24, 2010); see also Holley v. Erickson Living, No. Civ. 11-2444, 2012 WL 1835738, at *3 (E.D. Pa. May 21, 2012) ("[T]he right to proceed collectively may be foreclosed where an action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice.") (quoting Bramble, 2011 WL 1389510, at *4); Symczyk, 656 F.3d at 193 (requiring a "factual nexus between the manner in which the employer's alleged policy affected [the plaintiff] and the manner in which it affected other employees"); Prise v. Alderwoods Grp., Inc., 817 F. Supp. 2d 651, 670 (W.D. Pa. 2011) (members of a putative class must show that they "were together the victims of a single decision, policy or plan").

"As the Third Circuit explained, by requiring evidence of a factual nexus between the manner in which an employer's alleged policy affected a named plaintiff and the manner in which it affected other employees, the standard 'works in harmony with the opt-in requirement to cabin the potentially massive size of collective actions' and 'best comports with congressional intent and with the Supreme Court's directive that a court ascertain[ ] the contours of [a collective action] at the outset." Mitchell, 438 F. Supp. 3d at 346 (quoting Symczyk, 656 F.3d at 193) (alterations in original).

Plaintiff emphasizes the "minimal" standard in her moving papers, but courts do not grant conditional certification automatically. As Judge Robreno observed just last year when denying conditional certification under the FLSA, "Although the modest factual showing is a lenient standard, it does not compel automatic certification at the notice stage." Mitchell, 438 F. Supp. 3d

at 346. See also Moore, 2013 WL 2338251 at *5. In other words, even a modest factual showing requires a factual showing.

Plaintiff makes no factual showing, let alone the modest factual showing required for conditional certification. Plaintiff fails to enumerate similarly situated collective class plaintiffs, instead insisting that every female employee of the Philadelphia Police Department: (1) must have given birth while employed by the PPD; (2) must have expressed at one of the scores of PPD and/or City facilities to which PPDs may be assigned; and (3) must have been denied their rights under the FLSA. By engaging in such rank speculation, Plaintiff makes no effort to "cabin the potentially massive size" of her proposed collective action, instead claiming that every female employee of the Police Department is similarly situated and merits inclusion in her proposed collective. Similarly, Plaintiff's failure to provide evidence beyond speculation frustrates the Court's ability to "ascertain the contours" of this purported collective at the outset of litigation.

Plaintiff's motion for conditional certification should be denied, with prejudice.

B. **Plaintiff Moves to Conditionally Certify a Collective With No Right of Recovery and No Factual Nexis Between Its Purported Members, Exactly the Sort of Overly Burdensome Litigation and Naked Solicitation of Claims for Which the Conditional Certification Processes Serves to Screen.**

As set forth in the Federal Register at the time congress enacted Section 7(r) of the FLSA, "Section 7(r) does not specify any penalties . . . [;] an employee may only bring an action for unpaid minimum wages or overtime compensation" under the FLSA's provisions for nursing mothers. 75 Fed. Reg. (Dec. 21, 2010). Plaintiff makes no claim – either individually or on behalf of a purported collective – of unpaid minimum wages or unpaid overtime compensation. In addition to the unavailability of money damages, only the Department of Labor may pursue injunctive relief under Section 7(r). Id.

Plaintiff's attempt to conditionally certify a collective with no right of recovery constitutes overly burdensome litigation of the sort intended to be screened out early in litigation. See Mitchell, 438 F.Supp.3d at 346. Further, by failing to make even the modest factual showing of a nexus between Plaintiff and purported members of her proposed collective, Plaintiff engages in exactly the "naked solicitation of claims" the conditional certification process exists to eliminate. See id.

Plaintiff's motion should be denied, with prejudice.

Respectfully submitted,

**CITY OF PHILADELPHIA LAW DEPARTMENT**

/s/ Daniel R. Unterburger
Daniel R. Unterburger
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA  19102
215.683.5080
daniel.unterburger@phila.gov

Dated:  December 13, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANELLE NEWSOME,** | : |
| Plaintiff, | : |
| v. | :    **19-cv-5590-MMB** |
| **THE CITY OF PHILADELPHIA,** | : |
| Defendant. | : |

**CERTIFICATE OF SERVICE**

I, Daniel R. Unterburger, hereby certify that on this date I caused the foregoing Response in Opposition to Plaintiff's Motion to Conditionally Certify Collective Action to be filed electronically, where it is available for viewing and downloading.

 

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

/s/ Daniel R. Unterburger
Daniel R. Unterburger
Assistant City Solicitor
1515 Arch Street, 16th Floor
Philadelphia, PA  19102
215.683.5080

Dated:  December 13, 2021    daniel.unterburger@phila.gov