IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANELLE NEWSOME**, *Plaintiff,* **v.** **CITY OF PHILADELPHIA,** *Defendant.* | **CIVIL ACTION NO. 19-5590** |

MEMORANDUM RE: PLAINTIFF'S MOTION FOR
CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION

**BAYLSON, J.**                                    **OCTOBER 26, 2022**

## I.      INTRODUCTION

Plaintiff Janelle Newsome ("Plaintiff"), individually and on behalf of others similarly situated, seeks conditional certification of her claims against Defendant City of Philadelphia ("Defendant"), so her Fair Labor Standards Act ("FLSA") suit may proceed as a collective action. For the reasons explained herein, Plaintiff's motion is granted.

## II.      FACTS PROCEDURAL HISTORY

The factual background of this case, as alleged by Plaintiff in her Second Amended Complaint, was fully explained in the Court's prior ruling on Defendant's motion to dismiss and can be referenced there. See Newsome v. City of Philadelphia, 500 F.Supp.3d 336, 338-340 (E.D. Pa. 2020).

In November 2019, Plaintiff filed suit against Defendant alleging the Philadelphia Police Department ("PPD") violated the FLSA by failing to provide female police officers with "reasonable time to express breast milk for their nursing children" and "a place, other than a bathroom, that is shielded from view and free from intrusion" for female officers to use to express breast milk. 29 U.S.C. § 207(r)(1). Plaintiff also alleged that because of this failure, PPD treated

Plaintiff and other female officers disparately in violation of Title VII, and violated several provisions of the Pennsylvania Human Relations Act ("PHRA").[1]

On December 2, 2021, Plaintiff moved to certify a collective class of, "[a]ll female Police Officers currently or previously employed by the Philadelphia Police Department after November 26, 2016" who were not provided "reasonable break time to express breast milk for their nursing children for 1 year after the child's birth each time such employee has [or had] a need to express the milk" or "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by employees to express breast milk."  On December 13, 2021, Defendant filed a Response in opposition, and on December 20, 2021, Plaintiff filed her Reply.

The Court heard oral argument on Plaintiff's Motion on March 3, 2022.  During argument, Plaintiff's counsel clarified Plaintiff's position, stating Plaintiff contends PPD failed to implement Defendant's Worksite Lactation Support Policy (Phila. Executive Order No. 11–11), which requires lactation rooms be made available and reasonable break times be given to nursing employees.  Plaintiff argued PPD's failure to provide break times and lactation rooms to its employees violated the FLSA and resulted in Plaintiff's usage of her own sick leave time to express breast milk at home.

After oral argument, this Court ordered the parties to engage in discovery regarding PPD's implementation of Defendant's Worksite Lactation Support Policy from January 1, 2016 through December 31, 2020.  This limited discovery was to be completed by April 4, 2022, and the parties

---

[1] On December 12, 2020, Plaintiff filed her Second Amended Complaint, which Defendant moved to dismiss.  On July 6, 2021, the Court granted Defendant's Motion to Dismiss the Second Amended Complaint, in part, dismissing several claims with prejudice.  The following claims survived the Motion to Dismiss and are the only operable claims: Count I: Violations of FLSA Protections for Nursing Mothers; Count III: Title VII Disparate Treatment; Count V: PHRA Discrimination; and Count VIII: PHRA Aiding and Abetting.

were ordered to file simultaneous briefs "limited to the issue of whether the Philadelphia Police Department did or did not implement the City of Philadelphia's Worksite Lactation Support Policy" before May 4, 2022.  This schedule was stayed, pending the parties' settlement efforts, but on July 22, 2022 the parties submitted a joint status report, notifying the Court that the parties' settlement efforts were unsuccessful, that Defendant produced documents responsive to the implementation issue, and that depositions were scheduled.  The parties jointly sought an extension of the discovery completion deadline which the Court granted, extending the deadline to October 31, 2022.

### III.    LEGAL STANDARD

The FLSA's private enforcement mechanism permits "[a]n action to . . . be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employee similarly situated."  29 U.S.C. § 216(b).  This type of action—a collective action— permits a "named employee plaintiff or plaintiffs [to] file a complaint 'in behalf of' a group of other, initially unnamed employees who purport to be 'similarly situated' to the named plaintiff."  Halle v. W. Penn Allegheny Health Sys. Inc., 842 F.3d 215, 223 (3d Cir. 2016).  In doing so, the FLSA allows employees to "pool[] resources" and to "lower[] individual costs so that those with relatively small claims may pursue relief where individual litigation might otherwise be cost-prohibitive."  Id.

Here, Plaintiff seeks to achieve the first step in certifying a class for a FLSA collective action; that is, an order conditionally certifying this action to proceed as a collective action.  Courts apply a two-step analysis to determine whether to certify a collective action.  For conditional certification, the Third Circuit "requires a named plaintiff to make a 'modest factual showing'—something beyond mere speculation—to demonstrate a factual nexus between the manner in which

the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members."  Halle, 842 F.3d at 224; Zavala v. Wal Mart Stores Inc., 691 F.3d 527, 535 n.4 (3d Cir. 2012).  "If the plaintiff carries her burden at this threshold stage, the court will 'conditionally certify' the collective action for the purposes of notice and pretrial discovery." Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 192 (3d Cir. 2011); see also Halle, 842 F.3d at 224 ("The 'sole consequence' of conditional certification is the dissemination of court-approved notice to potential collective action members. [It] is not a true certification, but rather an exercise of a district court's discretionary authority to oversee and facilitate the notice process.").  The decision by the district court of whether to conditionally certify is discretionary, taking into account the unique characteristics of each proposed action.  Zavala, 691 F.3d at 536.

After a grant of conditional certification, the parties will engage in discovery related to certification, such as the named plaintiff obtaining contact information for purposes of notifying potential opt-in plaintiffs.  Halle, 842 F.2d at 226.  Once notice is disseminated to the potential opt-in plaintiffs and opt-in consents have been filed in response, the parties will engage in discovery to finally ascertain whether the opt-in plaintiffs are similarly situated to the named plaintiff.  Id.  At the conclusion of this discovery, the parties will file motions to proceed to step two of the collective action certification process: final certification or decertification of the collective action.  Id.

## IV.   ANALYSIS

At this stage, Plaintiff needs only to make a modest showing of similarity to attain conditional certification.  See Thomas v. Walmart, Inc., No. 18-4717, 2019 WL 7041809, at *3 (E.D. Pa. Dec. 19, 2019) (Baylson, J.) ("Sister courts within the Third Circuit have described the plaintiff's burden in moving for conditional certification as 'fairly lenient'").   However,

conditional certification is certainly not automatic and requires something more than mere speculation or factual fluff.  Mitchell v. Covance, Inc., 438 F.Supp.3d 341, 346 (E.D. Pa. 2020) (Robreno, J.).

Plaintiff's FLSA claims stem from her allegations that Defendant did not provide her and other similarly situated employees with a private breast milk station (bathrooms do not qualify) and reasonable break time to express, which are both required under the statute.  29 U.S.C. § 207(r)(1) ("Reasonable break time for nursing mothers").  Without rehashing all the factual details that were fully explained in the Court's prior ruling, Plaintiff's allegations essentially consist of numerous instances where she personally experienced serious difficulty and discomfort as a consequence of PPD's failure to provide a private breast milk station for her occasional use as a nursing mother.  She also describes instances she witnessed where other police officer nursing mothers were subject to similar conditions that could've resulted in difficulty and discomfort.  On its own, the lack of a specified lactation area amounts to a potentially compensable difficulty and inconvenience on behalf of *any* nursing mother, including those who refrained from nursing at their place of work for whatever reason.  This is a sufficient factual nexus.

Defendant argues in its Response only that Plaintiff made "no factual showing" that collective class plaintiffs were similarly situated.  It is clear from the pleadings that Plaintiff has met her burden at this stage that members of a possible putative class were affected by the same policy of plan, namely PPD's failure to provide lactation stations in accordance with the FLSA.  But Plaintiff shoots herself in the foot with her class definition—Plaintiff defines in the proposed order for this motion 'similarly situated employees' as being "all female Police Officers who worked for the Philadelphia Police Department" going as far back as three years from the filing of her complaint.  Noting that an absence of lactation stations might have the effect of discouraging

PPD's employees from pursuing motherhood, the class specified by Plaintiff is still much too broad and must be brought down to earth. Fundamentally, it's unrealistic to assume that every female officer at PPD was a nursing mother during the relevant time period, and by definition Plaintiff's alleged collective class should include only nursing mothers. See Ruehl v. Viacom, Inc., 500 F.3d 375, 388 (3d Cir. 2007) (plaintiff must provide evidence that collective class members were "the victims of a single decision, policy, or plan").

Because the Court finds that Plaintiff has met her burden, conditional certification will be granted for a collective class of all PPD employees who were nursing mothers reaching back to three years before the filing of Plaintiff's original complaint. Defendant argues that class members would have to have expressed breast milk at a PPD facility to be included, but the Court is not convinced. The nursing mother's right under 29 U.S.C. § 207(r)(1) is violated when reasonable break time to express and a private place are not provided, and forcing her to express at home or elsewhere would indicate a consequence of the statute's violation.

Defendant further argues that Plaintiff and any similarly situated class members have not pled a compensable injury under the FLSA. The Court stated in its prior opinion that it would reach a decision on this issue at some point further down the line. Newsome, 500 F.Supp.3d at 341. Because scope of damages is not an issue critical to reaching a conditional certification of a collective action, the Court will not rule on this issue at this juncture.

Despite this conditional certification, the Court may still decertify the class should certification discovery reveal a lack of similarly situated plaintiffs. Zavala, 691 F.3d at 538 (affirming district court's decision to decertify after certification discovery revealed "significant differences in the factual and employment settings of the individual claimants").

**V.** **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Conditional Certification will be GRANTED. The Court will require counsel for each party to confer promptly to agree on a form of notice and posting provision.

O:\CIVIL 19\19-5590 Newsome v. City of Philadelphia\19cv5590 Cond. Cert. Memo Grant.docx